Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| LUIS YAMIL HEVIA CABÁN YAMIRA CABÁN FIGUEROA<br><br>Parte Apelante<br><br>v.<br><br>NORAIDA ROMÁN CONCEPCIÓN<br><br>Parte Apelada | KLAN202400831 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: AR2023RF00961<br><br>Sobre: Filiación – Impugnación de presunción de maternidad/ paternidad |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de septiembre de 2024.

Comparecen ante esta Curia, por derecho propio, Luis Yamil Hevia Cabán y Yamira Cabán Figueroa (demandantes o apelantes). Solicitan que revisemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI o foro primario), notificada el 27 de marzo de 2024. En ella, se desestimó la causa de acción sobre impugnación de paternidad.

Por los fundamentos que exponemos a continuación, procede la desestimación del recurso por falta de jurisdicción. Veamos.

**I.**

Los apelantes instaron el pleito de epígrafe contra Noraida Román Concepción (Sra. Román Concepción o apelada) el 27 de octubre de 2023. Según las alegaciones de la *Demanda,*[1] el hijo de la Sra. Román Concepción, Y.J.H.R. nació el 10 de diciembre de 2008. Surge además que, presuntamente, la Sra. Román

---

[1] Apéndice, págs. 1-3.

Número Identificador

SEN2024 _____

Concepción y su señora madre llevaron al co-apelante, Luis Yamil Hevia Cabán, al Registro Demográfico para que inscribiera a Y.J.H.R. como hijo suyo. Lo antes, a sabiendas de que Luis Yamil Hevia Cabán es paciente de salud mental y, a esa fecha, era menor de edad. Asimismo, los apelantes adujeron que, la Sra. Román Concepción solicitó una orden de protección al amparo de la Ley de Acecho contra la Sra. Yamira Cabán Figueroa (Sra. Cabán Figueroa). El 8 de mayo de 2023, durante la celebración de la correspondiente vista, la Sra. Román Concepción comunicó a la Sra. Cabán Figueroa "que ella no tenía nada que buscar allí, porque ella no tenía familia allí." Lo antes causó serias dudas sobre la exactitud de la filiación del menor, por lo que incoaron la referida impugnación de la paternidad. Sobre tales bases, solicitaron al foro primario que ordenara a las partes realizarse pruebas genéticas y designara un defensor judicial para el menor Y.J.H.R.[2]

Así las cosas (y según surge del dictamen recurrido), el 30 de diciembre de 2023, el co-apelado, menor Y.J.H.R. instó un petitorio de desestimación, el cual los apelantes ripostaron el 8 de febrero de 2024.[3] Evaluado lo anterior, el TPI notificó la *Sentencia* apelada el 27 de marzo de 2024, en la cual desestimó la causa de acción de epígrafe y ordenó su archivo. Como fundamento para su dictamen, el foro primario dictaminó que:

> [l]a demandante Yamira Cabán Figueroa no puede impugnar la paternidad del Sr. Luis Yamil Hevia Cabán conforme lo establece el Art. 573 del Código Civil de Puerto Rico de 2020, Ley Núm. 55-2020 (31 LPRA sec. 7127). En cuanto al Sr. Hevia Cabán, al tomar como ciertos los hechos bien alegados en la demanda e interpretándolos en la forma más favorable posible, eliminando las conclusiones legales y los elementos de la causa de acción apoyados por aseveraciones conclusorias, este tribunal concluye que no se justifica la concesión de un remedio. Por tanto, se declara Ha

---

[2] Se colige de la *Sentencia* apelada que, a solicitud del TPI, la demanda fue objeto de enmienda el 16 de noviembre de 2023. Sin embargo, la referida enmienda no obra en el expediente ante nuestra consideración.
[3] Cabe precisar que, ni la moción de desestimación ni su correspondiente oposición obran en el expediente ante nos.

Lugar la moción de desestimación presentada por la parte codemandada y se ordena su archivo.

Cabe señalar que, consta en el expediente una *Resolución sobre reconsideración* que notificó el foro primario el 16 de julio de 2024. De la misma colegimos que, los apelantes instaron un petitorio de reconsideración al cual se opuso la otra parte.[4] En el referido dictamen el TPI hizo constar "[c]on el beneficio de la posición de todas las partes, a la Moción de Reconsideración, sin lugar."

En desacuerdo aún, el 19 de agosto de 2024, los apelantes acuden en revisión judicial ante esta Curia. Sin embargo, debido a que su recurso carecía de los aranceles de presentación que establece la Ley Núm. 47 de 30 de julio de 2009, Ley para Establecer como Política Pública la Adopción de Medios Electrónicos para el Pago de Derechos y Cargos en el Tribunal General de Justicia, 34 LPRA sec. 750 nota, la Secretaria del Tribunal de Apelaciones notificó una *Certificación de Deficiencia en Arancel de Presentación*. A esos efectos, el 9 de septiembre de 2024, los apelantes acreditaron el pago del arancel de presentación.

Luego de examinar detenidamente el recurso y el apéndice sometido optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(b)(5). Resolvemos.

## II.

### A. La jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69, resuelto el 21 de junio de 2024. Es por ello, que, la falta de jurisdicción de un tribunal

---

[4] Aclaramos que, no obran en el expediente ni el petitorio de reconsideración ni su correspondiente oposición.

incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020). Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico,* 2024 TSPR 24, resuelto el 13 de marzo de 2024. Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019).

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales tenemos el deber de proteger nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, a iniciativa propia del foro apelativo por virtud de la Regla 83(C) del nuestro Reglamento, *supra*, R. 83(C), dicho foro examinará y evaluará, con rigurosidad, el asunto jurisdiccional como parte de su deber ministerial, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. *Torres Alvarado v. Madera Atiles*, supra.

Con respecto al procedimiento para formalizar un recurso de apelación ante esta Curia, la Regla 13 del nuestro Reglamento, *supra*, R. 13, y la Regla 52.2(a) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(a), establecen que el recurso de apelación debe ser presentado dentro del término jurisdiccional de treinta (30) días, siguientes al archivo en autos de copia de la notificación del dictamen recurrido. *Otero Vélez v. Schroder Muñoz,* 200 DPR 76, 87-

88 (2018). En virtud de lo anterior, si una parte acude ante esta Curia fuera del referido término, su recurso es tardío. *Rivera Marcucci et al. v. Suiza Dairy,* 196 DPR 157, 174 (2016). Como consecuencia, el Tribunal de Apelaciones tendría la obligación de declararse sin jurisdicción, pues sabemos que, un recurso prematuro o tardío adolece del defecto grave e insubsanable de privar de jurisdicción al foro del cual se recurre, en ausencia de autoridad judicial o administrativa para acogerlo. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022).

Cabe destacar que, la desestimación de un recurso tardío priva de manera fatal que el recurso pueda presentarse nuevamente ante cualquier foro. *Íd.* Por ello, cuando un tribunal determina que carece de jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo, en atención a las leyes y reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank,* supra.

Nótese que, la ausencia de jurisdicción trae varias consecuencias tales como, el que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Íd.*

### B. Perfeccionamiento de los recursos ante el Tribunal de Apelaciones

Como se sabe, nuestro ordenamiento jurídico concede a todo ciudadano el derecho a recurrir de los dictámenes de un organismo inferior, sujeto a las limitaciones legales y reglamentarias, entre ellas, su correcto perfeccionamiento. *Isleta v. Inversiones Isleta*

*Marina,* 203 DPR 585. 589-590 (2019). Ahora bien, cabe puntualizar que, el incumplimiento con las disposiciones reglamentarias establecidas para la presentación y forma de los recursos puede impedir la revisión judicial. *Montañez Leduc v. Robinson Santana,* 198 DPR 543, 549-550 (2017). De manera que, el cumplimiento con tales disposiciones reglamentarias no puede quedar al arbitrio de las partes o sus abogados. *Isleta v. Inversiones Isleta Marina,* supra. Por tanto, las disposiciones reglamentarias sobre los recursos a presentarse ante este Tribunal de Apelaciones deben observarse rigurosamente. *Íd.*

En lo pertinente, la Regla 16 del Reglamento del Tribunal de Apelaciones establece los requisitos para lograr el perfeccionamiento de los recursos de apelación en términos de su contenido. Entre otros, el recurso debe señalar los errores que el apelante imputa al foro recurrido y una breve discusión de cada uno de ellos. Regla 16(C)(1), sub incisos (e) y (f) de nuestro Reglamento, *supra,* R. 16(C)(1)(e) y 16(C)(1)(f). *Morán v. Martí,* 165 DPR 356, 365-366 (2005).

De otra parte, la Regla 16(E)(1)(d) del citado Reglamento requiere que el apéndice del recurso incluya "toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a éste[.]"

**III.**

Resulta primordial para esta Curia auscultar nuestra jurisdicción, previo a ejercer la función revisora que se nos delegó. Surge del tracto procesal que, el foro primario notificó su dictamen desestimatorio el 27 de marzo de 2024. Inconformes, los apelantes instaron ante el foro primario un petitorio de reconsideración, el cual el TPI denegó mediante una *Resolución* notificada el 16 de julio de

2024. Por consiguiente, conforme a la normativa antes expuesta, los apelantes tenían treinta (30) días para instar ante esta Curia su recurso de apelación, vencedero el 15 de agosto de 2024.[5]

Tal cual expusimos en el tracto procesal, el 19 de agosto de 2024, vencido el plazo jurisdiccional de 30 días, los apelantes presentaron su escrito intitulado *Moción solicitando la apelación* en la cual solicitaron la revisión del dictamen emitido por el TPI. Sin embargo, no lo acompañaron del arancel correspondiente. En virtud de lo resuelto por el Tribunal Supremo en *Gran Vista I v. Gutiérrez y otros,* 170 DPR 174, 189 (2007), dicha presentación es nula e ineficaz, ante la falta de presentación del arancel correspondiente. En respuesta al señalamiento de deficiencia y devolución del referido documento que le hizo la Secretaria del Tribunal de Apelaciones, los apelantes acreditaron el arancel el 9 de septiembre de 2024. Como puede apreciarse, tanto su escrito de apelación presentado el 19 de agosto de 2024, y la posterior moción en la cual informan sobre la corrección de la referida deficiencia instada el 9 de septiembre de 2024, resultan tardíos.

Conforme la normativa antes señalada, el recurso de apelación debe ser presentado dentro del término jurisdiccional de treinta días con la presentación del arancel correspondiente, lo cual no ocurrió en este caso. Añádase a ello que, los apelantes incumplieron los requisitos de forma y contenido para el perfeccionamiento de su recurso, a tenor de la Regla 16 de nuestro Reglamento, *supra.* Particularmente, los apelantes omitieron incluir en el apéndice de su recurso: la demanda enmendada; la moción de desestimación que el co-apelado, menor Y.J.H.R. instó y que el TPI adjudicó a su favor, y su correspondiente oposición; la moción de

---

[5] Hacemos constar que, debido a la situación climatológica por el paso de la tormenta tropical Ernesto por Puerto Rico y conforme a la *Resolución* EM-2024-0012 dictada el 14 de agosto de 2024 por el Tribunal Supremo de Puerto Rico, cualquier término a vencer los días 13, 14 y 15 de agosto de 2024, se considerarán feriados, por lo que los términos se extendieron hasta el 16 de agosto de 2024.

reconsideración que instaron los apelantes ante el foro primario y la reacción de los apelados a dicho petitorio.

De igual manera, tampoco los apelantes especificaron en qué forma incidió el foro primario en su proceder mediante señalamientos de error. Además, los apelantes no acreditaron haber dado cumplimiento a las Reglas 14(B) y 15 del Reglamento del Tribunal de Apelaciones, *supra,* R. 14(B) y 15, las cuales exigen notificar al foro apelado y a todas las partes del pleito sobre la presentación de un recurso, como garantía de su debido proceso de ley.

Cabe reiterar que, según la normativa previamente discutida, cuando una parte solicita la revisión de un dictamen del foro primario debe perfeccionar su recurso conforme a las leyes o reglamentos aplicables de manera que esta Curia adquiera jurisdicción sobre la controversia en cuestión. Lo antes, independientemente de que se trate de apelantes por derecho propio. *Rivera Marcucci et al. v. Suiza Dairy,* supra.

Por todo lo antes, este Tribunal carece de jurisdicción para atender el recurso de epígrafe, según presentado.

**IV.**

Por los fundamentos antes expuestos, desestimamos el recurso por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Juez Barresi Ramos concurre sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones